KELLY GREENE McCONNELL (ISB #4900)
GIVENS PURSLEY LLP
601 West Bannock Street
P.O. Box 2720
Boise, Idaho 83701-2720
Telephone: 208-388-1200
Facsimile: 208-388-1300
Email: litigation@givenspursley.com

SAM DOTTERS-KATZ (ISB # 9709)
MARCUS, CHRISTIAN, HARDEE & DAVIES, LLP
737 North 7th Street
Boise, Idaho  83702
Telephone:    (208) 342-3563
Facsimile:     (208) 342-2170
Email:          sam@mch-lawyer.com
13422334v3

*Counsel for Plaintiff Idaho Democratic Party*

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF IDAHO

| | |
|---|---|
| IDAHO STATE DEMOCRATIC PARTY, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER RICH in his official capacity as Clerk of the County of Ada of the State of Idaho, LAWERENCE DENNEY in his official capacity as Secretary of State of Idaho, <br><br> Defendants. | Case No. _____ <br><br><br> **COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY INJUNCTIVE RELIEF** |

Plaintiff, Idaho State Democratic Party ("Plaintiff" or the "IDP"), by and through the undersigned attorneys, files this emergency action to obtain a temporary restraining order and immediate injunctive relief, and alleges as follows:

**COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY INJUNCTIVE RELIEF - 1**

## I.      NATURE OF ACTION

1.      Within weeks of the November 8, 2016, general election, the Ada County Clerk's Office moved five poll locations and gave very little notice to voters. Since that time, voters have slowly become aware of the location changes, and have expressed serious confusion about where they should be voting. Now, on election day, we are receiving reports of voters turning up at the old poll locations as they were not properly notified of the change in location.  Unless the five poll locations which were moved are kept open and in operation until 10:00 p.m., and unless Defendants are required to expend additional resources notifying voters of the changed locations, qualified electors will be deprived of a meaningful opportunity to exercise their right to vote under the First and Fourteenth Amendments to the United States Constitution, and under the Idaho Constitution Art. 1, §§1, 2, 16.  The extension of hours at the five locations provides adequate opportunity to those seeking to exercise the right to vote otherwise, denied to them by the Defendant's actions, in this November 8, 2016, general election.

## II.      PARTIES

2.      Plaintiff is a political party recognized by Idaho law (I.C. § 34-501). The ISDP is the Idaho organization of the national Democratic Party and is the duly authorized statewide organization representing Democratic candidates and voters throughout the State of Idaho. Hundreds of thousands of Idahoans are registered Democrats, and many other Idahoans support Democratic nominees. The ISDP engages in vitally important and lawfully protected activities, including supporting the Democratic Party candidates in national, state, and local elections; protecting the legal rights of voters; and ensuring that all voters have a meaningful ability to cast ballots at the polling locations in Ada County and throughout Idaho.

**COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY INJUNCTIVE RELIEF - 2**

3.      Defendant Christopher Rich ("Defendant Rich") is the Clerk of Ada County of the State of Idaho and is joined in his official capacity as a party to this action. Under Idaho law, I.C. § 34-305, Defendant Rich is the chief elections officer of Ada County, and pursuant to I.C. § 34-208, is responsible for the general supervision of the administration of the election laws by each local election official in his county for the purpose of achieving and maintaining a maximum degree of correctness, impartiality, efficiency and uniformity in such administration by local election officials.

4.      Defendant Lawerence Denney ("Defendant Denney") is the Secretary of State for the State of Idaho and is joined in his official capacity as a party to this action. Under Idaho law, I.C. § 34-201, Defendant Denney is the chief election officer of the State of Idaho, including with respect to the November 8, 2016, general election.

### III.      JURISDICTION AND VENUE

5.      This is an action pursuant to 42 U.S.C. § 1983. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### IV.      STATEMENT OF FACTS

7.      The right to vote in an election is guaranteed by, *inter alia*, the First and Fourteenth Amendments to the United States Constitution and 52 U.S.C. § 10101 (formerly cited as 42 U.S.C. § 1971), as well as Idaho Constitution Art. 1, §§1, 2,16. Plaintiff has standing to

**COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY INJUNCTIVE RELIEF - 3**

enforce these rights and all rights asserted herein, on behalf of itself and the voters who are its supporters.

8.     On July 28, 2016, Assistant United States Attorney Christine Gealy England wrote a letter to Ada County Deputy Prosecuting Attorney Heather M. McCarthy, informing Ms. McCarthy that several poll locations in Ada County did not meet American's with Disabilities Act requirements, and would need to be moved.

9.     Not until October 14, 2016, approximately two and a half months after being notified by the United States Attorney's Office and less than four weeks out from election day, did the Ada County Clerk's Office send out a notice to all qualified electors in Precincts 1602, 1711, 1806, 1810, and 1901, that their poll location would be moved "due to circumstances beyond the control of the Clerk's Office."

10.    On Friday, November 4, 2016, ISDP Political Director Thomas Jerome Hamilton contacted JoMeta Spencer, Elections Office Administrator, for clarification on the poll location changes. Ms. Spencer replied the same day, indicating that poll locations for Precincts 1602, 1711, and 1810 were moved because of issues related to compliance with the Americans with Disabilities Act, and that poll locations for Precincts 1806 and 1901 were moved "due to space issues for this election, not ADA issues."

11.    The notion that so called "space issues" at poll locations for Precincts 1806 and 1901 were outside of the control of the Ada County Clerk's Office is inaccurate, as the Ada County Clerk's Office has the ability to deploy numerous additional voting resources such as mobile voting booths that could add to the ability of such poll locations to process voters.

12.    In addition, the poll locations for Precincts 1806 and 1901 have been the same for numerous elections, and so called "space issues" should have been foreseeable to the Ada

**COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY INJUNCTIVE RELIEF - 4**

County Clerk's Office well before the notices were sent out, only a few weeks before election day.

13.     The late notice of poll location changes created extreme confusion with voters in the affected precincts.

14.     After the ISDP received hundreds of calls from voters in the affected precincts seeking clarification in regards to the notice they had received, the ISDP formally requested that the Ada County Clerk's Office and the Idaho Secretary of State take additional steps to inform voters of the poll location changes. Specifically, the ISDP requested that both the Ada County Clerk's Office and the Idaho Secretary of State post notices to their websites in regards to the changes, which based on information and belief has not occurred. Also, the ISDP requested that the Ada County Clerk's Office and/or the Idaho Secretary of State purchase radio and other forms of advertisements to give additional notice of the poll location changes, which based on information and belief has not occurred in any substantial manner.

15.     On October 4, 2016, Statewide Attorney for the ISDP Sam Dotters-Katz made a formal request of the Ada County Clerk's Office and the Idaho Secretary of State to deploy mobile voting booths at the original poll location for Precinct 1806, which would be utilized in addition to the newly designated poll location for Precinct 1806, Ada County Indigent Services. This request was denied on October 7, 2016.

16.     After receiving the mobile voting booth denial letter on October 7, 2016, Statewide Attorney for the ISDP Sam Dotters-Katz made a formal request of the Ada County Clerk's Office to extend voting in Ada County by opening poll locations in the county at 7:00 a.m., pursuant to his specific authority outlined in I.C. § 34-1011. This request was later denied on October 7, 2016.

**COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY INJUNCTIVE RELIEF - 5**

17.     On November 8, 2016, Carolyn Moore, Democratic Precinct Captain for Precinct 1806, went to the old poll location for Precinct 1806 to inform voters who showed up about the change in location. Between 8:00 a.m. and 11:00 a.m., many voters showed up at old locations, unaware of the change. Ms. Moore informed these voters of the change, however, many indicated that they would not take the extra trip to the new poll location at Ada County Indigent Services.

18.     The above-referenced conduct violated the fundamental right to vote inherent in the United States Constitution, 52 U.S.C. § 10101, 42 U.S.C. § 1983, and Idaho Constitution Art. 1 §§1,2,16. These violations have caused Plaintiff and its supporters irreparable harm and will continue to do so absent an injunction.

19.     Section 302(c) of the Help America Votes Act of 2002, 24 U.S.C. § 15482(c), provides for precisely the situation at issue here. Specifically, it provides that voters may cast provisional ballots as a result of a court order extending the polls' closing time. Section 302(c) provides in full:

> "VOTERS WHO VOTE AFTER THE POLLS CLOSE.--- Any individual who votes in an election for Federal office as a result of a Federal or State court order or any other order extending the time established for closing the polls by a State law in effect 10 days before the date of that election may only vote in that election by casting a provisional ballot under subsection (a). Any such ballot cast under the preceding sentence shall be separated and held apart from other provisional ballots case by those not affected by the order."

20.     Relief of the type sought herein to address the irreparable harm to citizens voting in general elections has been issued in other States where similar actions and circumstances threaten or in fact do interfere with the right and ability of voters to cast their ballot.

**COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY INJUNCTIVE RELIEF - 6**

## V.        CAUSES OF ACTION

### Count 1: 42 U.S.C. § 1983, First and Fourteenth Amendments

21.    Plaintiff incorporates the previous paragraphs of this Complaint as if fully set forth herein.

22.    The conduct and circumstances alleged herein is depriving Plaintiff and its supporters of their rights with respect to voting as guaranteed by the First and Fourteenth Amendments to the United States Constitution and 52 U.S.C. § 10101.

23.    Absent emergency injunctive relief, Plaintiff and its supporters will suffer irreparable harm. Plaintiff and its supporters have no adequate remedy at law.

### Count 2: Idaho Constitution Article 1

24.    Plaintiff incorporates the previous paragraphs of this Complaint as if fully set forth herein.

25.    The conduct and circumstances alleged herein violates Idaho's Constitution Art. 1, §§1,2,16, by depriving Idaho qualified electors of a meaningful opportunity to exercise their right to vote in the November 8, 2016, general election.

26.    Absent emergency injunctive relief, Plaintiff and its supporters will suffer irreparable harm. Plaintiff and its supporters have no adequate remedy at law.

**COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY INJUNCTIVE RELIEF - 7**

## VI.      PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1.      Enter an emergency temporary restraining order and issue an immediate injunction:

> a.  Ordering Defendants to take such steps as are necessary to keep the poll locations for Ada County Precincts 1602, 1711, 1806, 1810, and 1901, open until 10:00 p.m.;
>
> b.  Ordering Defendants to take such steps as are necessary to ensure that any voter who arrives at the polling location after 8:00 p.m. and until the 10:00 p.m. are permitted to vote provisionally and have their votes counted pursuant to Section 302(c) of the Help America Votes Act, 42 U.S.C. § 1548(c);
>
> c.  Ordering Defendants to provide public notice of these extended voting opportunities by notifying all local media of the extension and by posting notices of the extension at all affected poll locations; and

2.      Granting Plaintiff such other relief as justice may require.

DATED this 8th day of November, 2016.


By:    /s/ _____
       Kelly Greene McConnell
       Givens Pursley LLP
       Idaho State Bar Association No. 4900


By:  /s/ _____
     Sam Dotters-Katz
     Marcus Christian Hardee Davies, LLP.
     Idaho State Bar Association No. 9709
     *Counsel for Plaintiff Idaho Democratic Party*

**COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY INJUNCTIVE RELIEF - 8**

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be e-filed this 8th

day of November, 2016, and will be automatically served upon counsel of record, all of whom

appear to be subscribed to receive notice from the ECF system including:

Sam Dotters-Katz                              Sam.Dotters.Katz@gmail.com
*Counsel for Plaintiff Idaho Democratic Party*


                                              /s/
                                              Kelly Greene McConnell


**COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY
INJUNCTIVE RELIEF - 9**